UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARY SHURLEY                                                                                    CIVIL ACTION

VERSUS                                                                                                  NO. 18-8197

DARREL VANNOY, WARDEN                                                         SECTION: "G"(3)

REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Gary Shurley, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On February 27, 2014, he was convicted of second degree murder (count one), theft (count two) and felon in possession of a firearm (count three).[1] On March 11, 2014, the trial court sentenced Shurley to a mandatory term of life imprisonment at hard labor to be served without the benefit of parole, probation, or suspension of sentence as to count one, ten years at hard labor as to count two, and twenty years at hard labor, without the benefit of parole,

---

[1] St. Rec. Vol. 1 of 8, Criminal Minutes, 2/27/14; St. Rec. Vol. 3 of 8, Jury Verdict, 2/27/14.

probation, or suspension of sentence as to count three, with the latter two sentences imposed consecutively with each other but concurrently with the life sentence.[2]

Shurley filed a direct appeal to the Louisiana First Circuit alleging the following claims: (1) the evidence was insufficient to support his second degree murder conviction; and (2) the trial court erred in denying his motion for new trial; and (3) the trial court erred in imposing his sentences on counts two and three consecutive with each other.[3] On June 5, 2015, the Louisiana First Circuit Court of Appeal affirmed his convictions and sentences but remanded the matter for correction of the minutes and commitment order to reflect that the sentencings imposed as to the theft and felon in possession convictions were imposed consecutively with each other and concurrently with the life sentence imposed on count one.[4] The minutes and commitment were corrected on July 20, 2015.[5] The Louisiana Supreme Court then denied Shurley's related writ application on June 17, 2016 without explanation.[6] Shurley's conviction became final 90 days later, on September 15, 2016, when he did not file a writ application with the United States Supreme Court.

On May 27, 2016, Shurley filed with the state district court a motion seeking grand jury transcripts or alternatively to dismiss the indictment if the transcript could not be produced.[7] The state district court denied the motion finding "no grand jury transcripts were made."[8] Shurley

---

[2] St. Rec. Vol. 1 of 8, Criminal Minutes, 3/11/14; St. Rec. Vol. 3 of 8, Commitment, 3/19/14; St. Rec. Vol. 4 of 8, Sentencing Transcript, 3/11/14. The sentencing transcript indicates that the latter two sentences were ordered to be served consecutive with each other, but concurrent with the mandatory life sentence for second degree murder. The minutes and commitment order stated that the latter sentences were concurrent with each other, but consecutive with the sentence on count one.
[3] St. Rec. Vol. 6 of 8, Appeal Brief, 2014-KA-0850, 3/23/15.
[4] State v. Shurley, No. 2014 KA 0850, 2015 WL 3613186 (La. App. 1st Cir. Jun. 5, 2015).
[5] St. Rec. Vol. 6 of 8, Transcript, 7/20/15.
[6] State v. Shurley, 192 So.3d 775 (La. 2016); St. Rec. Vol. 6 of 8.
[7] St. Rec. Vol. 6 of 8, Motion for a Transcript of the Grand Jury Proceedings or to Dismiss the Indictment, 5/27/16 (signed 5/24/16).
[8] St. Rec. Vol. 6 of 8, Order, 6/22/16.

filed a writ application with the Louisiana First Circuit.[9] On September 19, 2016, the Louisiana First Circuit found that although a motion to quash was a proper vehicle to challenge the indictment, petitioner had waived the claim due to his failure to file the motion prior to trial.[10] Shurley filed an application for writ of review with the Louisiana Supreme Court.[11] On January 9, 2018, the Louisiana Supreme Court denied relief finding that, to the extent Shurley sought post-conviction relief, he failed to show that the state district court erred in denying and refusing his request for the grand jury transcripts.[12]

In the interim, in the summer of 2016 Shurley sought District Attorney records through a public records request and a letter requesting court records.[13] When he received no action on his requests, he filed a writ of mandamus in the state district court on September 20, 2016.[14] On April 12, 2017, the state filed a response to the writ of mandamus in which it stated that there was no grand jury transcript, that it had never received a public records request, and that the cost of a copy of the District Attorney file was $1720.[15] The state district court held a hearing on May 2, 2017, during which the court held the grand jury proceedings were not recorded and therefore a transcript could not be produced, and that Shurley could pay for a copy of the District Attorney file.[16] On May 19, 2017, Shurley filed a motion for appeal and designation of record.[17] The state district court dismissed the matter as not being appealable under La. Code Crim. P. art. 912 and directed Shurley to file a writ.[18] Shurley resubmitted the motion for appeal on September 18, 2017.[19]

---

[9] This writ application does not appear to be in the state court record.
[10] State v. Shurley, No. 2016 KW 0973, (La. App. 1st Cir. Sept. 19, 2016); St. Rec. Vol. 6 of 8.
[11] This writ application is also not included in the state court record.
[12] State ex rel. Shurley v. State, 232 So3d 554 (La. 2018) (per curiam); St. Rec. Vol.8 of 8.
[13] St. Rec. Vol. 6 of 8, Letter, 6/8/16; Public Records Request, 7/25/16.
[14] St. Rec. Vol. 6 of 8, Writ of Mandamus, 9/20/16 (signed 9/12/16).
[15] St. Rec. Vol. 6 of 8, State Memorandum, 4/12/17.
[16] St. Rec. Vol. 5 of 8, Hearing Transcript, 5/2/17.
[17] St. Rec. Vol. 5 of 8, Motion for Appeal and Designation of Records, 5/19/17 (signed 5/15/17).
[18] St. Rec., Vol. 7 of 8, Motion to Dismiss Appeal, 6/6/17; Order, 6/12/17.
[19] St. Rec. Vol. 5 of 8, Motion to Resubmit Attached Motion for Appeal and Designation of Record, 9/18/17.

Shurley sent several letters seeking the status of his motion to appeal.[20] The record does not include any response to those letters nor does it demonstrate that Shurley ever filed a writ action relating to the May 2, 2017 denial of his request for records and the grand jury transcript.

Also in the interim, on April 5, 2017, Shurley filed a timely application for post-conviction relief with the state district court in which he raised the following claims for relief: (1) the trial court erred in failing to instruct Shurley of the importance of presenting a defense at trial; (2) the trial court erred in failing to sequester the jury; (3) the trial court erred in denying various motions including his "motion of a notice of intention with motion to extend motion to quash," motion in limine, "second motion of a notice of intention," motion for severance of offenses, and motion for new trial; (4) "the prosecutor's motion to bill of particulars was unconstitutional by not admitting all evidentiary statements to jury for credibility of their supposedly only eye witness;" (5) he was prejudiced by the victim's mother's affiliation with the state district court and District Attorney's Office; (6) ineffective assistance of trial counsel; and (7) he was prejudiced by the failure to present exculpatory evidence at trial.[21] After Shurley inquired about the status of his application for post-conviction relief, on August 8, 2018, the Tangipahoa Parish Clerk of Court sent him a letter advising that "an Order was not attached to the Motion, therefore, there was not an order granting or denying your motion."[22] According to the State, Shurley's application for post-conviction relief is has yet to be reviewed by the state district court and is still pending.[23]

On August 23, 2018, Shurley filed the instant federal *habeas* corpus application in which he raised the following claims: (1) sufficiency of the evidence; (2) the trial court erred in denying his motion for new trial; (3) the trial court erred in denying his motion to quash the indictment

---

[20] St. Rec. Vol. 7 of 8, Letter, 11/13/17 (signed 11/8/18); St. Rec. Vol. 5 of 8, Letter, 2/9/18 (signed 1/31/18).
[21] St. Rec. Vol. 7 of 8, Application for Post-Conviction Relief, 4/5/17 (signed 3/13/17).
[22] St. Rec. Vol. 8 of 8, Letter, 6/18/18 (signed 6/11/18); Clerk of Court Letter, 8/8/18.
[23] Rec. Doc. 8, p. 4.

4

without holding a hearing; (4) the trial court erred in failing to issue a final ruling on his writ of mandamus seeking the grand jury transcripts and District Attorney file; (5) the trial court erred in failing to advise Shurley about the importance of presenting a defense at trial; (6) the trial court erred in failing to sequester the jury; (7) the trial court erred in denying all defense motions; (8) he was prejudiced by the failure to present the conflicting statements of the key witness, Ms. Aycock; (9) he was prejudiced by the victim's mother's affiliation with the state district court and District Attorney's Office; (10) ineffective assistance of trial counsel; and (11) he was prejudiced by the failure to present exculpatory evidence at trial.[24]

The state concedes that the application is timely. It claims that, because Shurley's application for post-conviction relief is still pending the majority of Shurley's claims are not exhausted.[25] It claims the exhausted claims are meritless.

### Exhaustion

It is black letter law that, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation marks omitted). For that requirement to be satisfied, a federal petitioner must have provided the state's highest court with "a fair opportunity to pass upon the claim" by presenting the claim to that court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988) (quotation marks omitted).

Moreover, it is clear that the exhaustion requirement must be met with respect to *each and every claim* in a petitioner's federal application. See Rose v. Lundy, 455 U.S. 509, 520 (1982)

---

[24] Rec. Doc. 1.
[25] Rec. Doc. 8.

("[O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken *each one* to state court." (emphasis added)). If a petitioner's federal application contains both exhausted and unexhausted claims, then the application is considered a "mixed" petition subject to immediate dismissal. See id. at 522 ("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."); see also Pliler v. Ford, 542 U.S. 225, 230 (2004) ("Under Rose, federal district courts must dismiss mixed habeas petitions." ); Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

Therefore, when faced with what appears to be a mixed petition, a court first attempts to identify each claim being asserted in the federal application and then next determines whether each of those claims was fairly presented to the state's highest court in a procedurally proper manner. In this case, the record demonstrates that petitioner raised claims regarding the sufficiency of the evidence and the trial court's denial of a motion for new trial on direct appeal and review was exhausted through the Louisiana Supreme Court. He also raised the issue regarding his motion to quash to all three state courts. He did not, however, file a writ action relating to the state district court's denial of his writ of mandamus.

In his application for post-conviction relief, as previously indicated, Shurley raised claims that the trial court erred in (1) failing to instruct Shurley of the importance of presenting a defense at trial; (2) failing to sequester the jury; and (3) denying certain pretrial and post-trial motions. He further claimed that he was prejudiced by (1) the prosecution's failure to present at trial all the

evidence included in the discovery responses; (2) the victim's mother's affiliation with the state district court and District Attorney's Office; and (3) the failure to present exculpatory evidence at trial.  Finally, he claimed ineffective assistance of counsel.  The state court record does not reflect that the state district court has issued a ruling on Shurley's application for post-conviction relief and, as previously noted, the state has advised that the Clerk of Court for the Parish of Tangipahoa advised that the application is still pending.  Because Shurley's application for post-conviction relief is still pending in the state district court, those issues have not yet been resolved nor presented for review in the higher state courts.  For this reason, Shurley "has not given any of the state courts a fair opportunity to consider any of these claims.  As a result, the application is a "mixed" petition subject to immediate dismissal on that basis.  See Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997)).

      The Supreme Court has long required that a mixed petition like this one should be dismissed without prejudice to allow for complete exhaustion.  Pliler, 542 U.S. at 233 (citing Rose, 455 U.S. at 510).  The Pliler Court reiterated the long-standing directive that a mixed petition should be dismissed without prejudice to require exhaustion.  Id. at 230.  The Supreme Court recognized that a petitioner has two choices when faced with dismissal of a mixed petition: (1) return to the state courts to exhaust the claims in full; or (2) amend or resubmit the petition to pursue only exhausted claims in the federal district court.  Id. at 230-31.  Shurley is hereby instructed that this choice is now available to him.

      If Shurley elects to file a motion for leave to amend his federal petition in that manner after receiving this Report and Recommendation, it is recommended that the motion be granted and that this matter be recommitted to the undersigned United States Magistrate Judge for consideration of

those two claims.  See Richard v. Vannoy, Civil Action No. 16-2447, 2016 WL 3950762, at *3-4 (E.D. La. June 29, 2016), adopted, 2016 WL 3902593 (E.D. La. July 19, 2016).[26]

*On the other hand, if Shurley elects not to amend his application in the foregoing manner*, then the undersigned instead recommends that the instant petition be dismissed without prejudice for the reasons stated herein.

## RECOMMENDATION

It is therefore **RECOMMENDED** that, unless Shurley amends his federal application to omit any and all unexhausted claims, the application be **DISMISSED WITHOUT PREJUDICE** as a mixed petition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[27]

New Orleans, Louisiana, this 10th day of May, 2019.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] Petitioner is hereby expressly advised that a federal court will normally entertain only one federal habeas corpus petition challenging a conviction.  Therefore, if he elects to proceed to review of his exhausted claims at this time, he may well be precluded from seeking review of his unexhausted claims in a future federal application.  See 28 U.S.C. § 2244.

[27] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.