# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY SHURLEY | CIVIL ACTION |
| VERSUS | CASE NO. 18-8197 |
| DARREL VANNOY, WARDEN | SECTION: "G" (3) |

## ORDER AND REASONS

Before the Court are Petitioner Gary Shurley's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to this case.[2] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, raising eleven grounds for relief.[3] The Magistrate Judge recommended that this Court dismiss the petition without prejudice because Petitioner had not exhausted state court remedies with respect to some of the claims.[4] Petitioner objects to the Magistrate Judge's recommendation.[5] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation, and dismiss this action without prejudice.

---

[1] Rec. Doc. 11.

[2] Rec. Doc. 10.

[3] Rec. Doc. 1.

[4] Rec. Doc. 10.

[5] Rec. Doc. 11.

1

# I. Background

*A.    Factual Background*

On January 24, 2012, a grand jury in the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana charged Petitioner by Indictment with one count of second-degree murder (Count 1), one count of second-degree kidnapping (Count 2), one count of theft of $1,500 or more (Count 3), and one count of possession of a firearm or carrying a concealed weapon by a convicted felon (Count 4).[6] On October 30, 2012, the State dismissed Count 2 and renumbered the theft and weapons charges Counts 2 and 3, respectively.[7] A jury trial began on September 17, 2013, but ended in a mistrial.[8] A second trial began on February 25, 2014, and on February 27, 2014, a jury found Petitioner guilty as charged.[9]

On March 11, 2014, the state trial court sentenced Petitioner to a mandatory term of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence as to Count 1, ten years at hard labor as to Count 2, and twenty years at hard labor without the benefit of parole, probation, or suspension of sentence as to Count 3.[10] The sentences for Counts 2 and 3 were to run consecutively with each other, but concurrently with the life sentence imposed on Count 1.[11]

---

[6] Sate Rec., Vol. I of VIII, Indictment, Jan. 24, 2012.

[7] *Id.*

[8] Sate Rec., Vol. III of VIII, Trial Tr., Sept. 17, 2013.

[9] State Rec., Vol. III of VIII, Jury Verdict, Feb. 27, 2014.

[10] State Rec., Vol. I of VIII, Sentencing Minutes, Mar. 11, 2014; State Rec., Vol. III of VIII, Commitment Order, Mar. 19, 2014; State Rec., Vol. IV of VIII, Sentencing Tr., Mar. 11, 2014.

[11] State Rec., Vol. I of VIII, Sentencing Minutes, Mar. 11, 2014; State Rec., Vol. III of VIII, Commitment Order, Mar. 19, 2014; State Rec., Vol. IV of VIII, Sentencing Tr., Mar. 11, 2014. The sentencing transcript indicates that the latter two sentences were ordered to be served consecutive with each other, but concurrent with the mandatory life sentence for second degree murder. The sentencing minutes and commitment order stated that the latter sentences were concurrent with each other, but consecutive with the sentence for Count 1. The state district court resolved this

Petitioner filed a direct appeal before the Louisiana First Circuit Court of Appeal, raising the following grounds for relief: (1) the evidence was insufficient to support the second-degree murder conviction; (2) the trial court erred in denying his motion for a new trial; and (3) the trial court erred in imposing the sentences for Counts 2 and 3 consecutive with each other.[12] On June 5, 2015, the Louisiana First Circuit Court of Appeal affirmed Petitioner's convictions and sentences, but remanded the case for the trial court to correct a discrepancy between the sentencing hearing transcript and the sentencing minutes and commitment order.[13] The state trial court corrected the minutes and commitment order accordingly on July 20, 2015.[14] On June 17, 2016, the Louisiana Supreme Court denied Petitioner's related writ application without stated reasons.[15]

On May 27, 2016, Petitioner filed a motion with the state trial court seeking grand jury transcripts, or to dismiss the Indictment if the transcript could not be produced.[16] The state trial court denied the motion finding "no grand jury transcripts were made."[17] Petitioner filed a writ application with the Louisiana First Circuit Court of Appeal, which was denied on September 19, 2016.[18] The Louisiana First Circuit found that although a motion to quash was a proper vehicle to challenge the Indictment, Petitioner waived the claim by failing to file the motion before trial.[19]

---

discrepancy in the record after the Louisiana First Circuit remanded the case to the lower court for them to correct the error. *See State v. Shurley*, 2014-KA-0850, (La. App. 1 Cir. 6/5/2015); 2015 WL 3613186 at *9.

[12] State Rec., Vol. VI of VIII, Appeal Brief, 2014-KA-0850, Mar. 23, 2015.

[13] *State v. Shurley*, 2015 WL 3613186 at *9.

[14] State Rec., Vol. VI of VIII, Hearing Tr., Jul. 20, 2015.

[15] *State v. Shurley*, 2015-KO-1246 (La. 6/17/16); 192 So. 3d 775.

[16] State Rec., Vol. VI of VIII, Motion, May 27, 2016.

[17] State Rec., Vol. VI of VIII, Order, Jun. 22, 2016.

[18] *State v. Shurley*, 2016-KW-973, (La. App. 1 Cir. 9/19/16); State Rec., Vol. VI of VIII.

[19] *Id.*

On January 9, 2018, the Louisiana Supreme Court denied Petitioner's related writ application finding that, to the extent that he sought post-conviction relief, Petitioner failed to show that the state trial court erred in denying and refusing his request for the grand jury transcripts.[20]

In the interim, Petitioner sought District Attorney records through a letter requesting court records and a public records request.[21] When he received no action on his requests, Petitioner filed a writ of mandamus in the state trial court on September 20, 2016.[22] On April 12, 2017, the State filed a response to the writ of mandamus claiming that there was no grand jury transcript, the State had not received a public records request, and a copy of the District Attorney file would cost $1,720.[23] The state trial court held a hearing on May 2, 2017, during which the court held that a grand jury transcript could not be produced because the proceedings were not recorded and that Petitioner could pay for a copy of the District Attorney file.[24] On May 19, 2017, Petitioner filed a motion for appeal and designation of record.[25] The state trial court dismissed the matter as not appealable under Louisiana Code of Criminal Procedure article 912, and directed Petitioner to file a writ application.[26] Petitioner resubmitted the motion for appeal on September 18, 2017.[27] The record does not reflect that Petitioner ever filed a writ application.

---

[20] *State ex re. Shurley v. State*, 2016-KH-1878 (La. 1/9/18); 232 So. 3d 554.

[21] State Rec., Vol. VI of VIII, Letter, Jun. 8, 2016; Public Records Request, Jul. 25, 2016.

[22] State Rec., Vol. VI of VIII, Writ of Mandamus, Sept. 20, 2016.

[23] State Rec., Vol. VI of VIII, State Memorandum, Apr. 12, 2017.

[24] State Rec., Vol. V of VIII, Hearing Tr., May 2, 2017.

[25] State Rec., Vol. VII of VIII, Motion, May 19, 2017.

[26] State Rec., Vol. VII of VIII, Order, Jun. 12, 2017.

[27] State Rec., Vol. V of VIII, Motion, Sept. 18, 2017.

Also in the interim, on April 5, 2017, Petitioner filed an application for post-conviction relief in the state trial court raising the following claims for relief: (1) the trial court erred in failing to instruct Petitioner of the importance of presenting a defense at trial; (2) the trial court erred in failing to sequester the jury; (3) the trial court erred in denying various motions; (4) "the prosecutor's motion to bill of particulars was unconstitutional by not admitting all evidentiary statements to jury for credibility of their supposedly only eye witness," (5) Petitioner was prejudiced by the victim's mother's affiliation with the state trial court and District Attorney's Office; (6) ineffective assistance of trial counsel; and (7) Petitioner was prejudiced by the failure to present exculpatory evidence at trial.[28] After Petitioner inquired about the status of his application for post-conviction relief, the Tangipahoa Parish Clerk of Court sent him a letter on August 8, 2018, advising that "an Order was not attached to the Motion, therefore, there was not an order granting or denying your motion."[29] The record does not reflect that the state trial court ever ruled on Petitioner's application, and the State represents that the application remains pending before the state trial court.[30]

On August 23, 2018, Petitioner filed the instant federal habeas corpus application, raising the following grounds for relief: (1) sufficiency of the evidence; (2) the trial court erred in denying the motion for new trial; (3) the trial court erred in denying the motion to quash the indictment without holding a hearing; (4) the trial court erred in failing to issue a final ruling on the writ of mandamus seeking the grand jury transcripts and District Attorney file; (5) the trial court erred in failing to advise Petitioner about the importance of presenting a defense at trial; (6) the trial court

---

[28] State Rec., Vol. VII of VIII, Application for Post-Conviction Relief, Apr. 5, 2017.

[29] State Rec., Vol. VII of VIII, Letter, Aug. 8, 2018.

[30] Rec. Doc. 8 at 4.

erred in failing to sequester the jury; (7) the trial court erred in denying all defense motions; (8) Petitioner was prejudiced by the failure to present the conflicting statements of the key witness, Ms. Aycock; (9) Petitioner was prejudiced by the victim's mother's affiliation with the state trial court and District Attorney's Office; (10) ineffective assistance of trial counsel; and (11) Petitioner was prejudiced by the failure to present exculpatory evidence at trial.[31] On October 23, 2018, the State filed a response to the petition, arguing that because Petitioner's application for post-conviction relief remains pending before the state trial court, the majority of Petitioner's claims are not exhausted.[32]

### B. *Report and Recommendation Findings*

On May 10, 2019, the Magistrate Judge issued a Report and Recommendation, recommending that the petition be dismissed without prejudice because Petitioner had not exhausted state court remedies with respect to some of the claims raised in the petition.[33] The Magistrate Judge noted that Petitioner had exhausted his state court remedies with regard to the sufficiency of the evidence claim, the claim regarding the trial court's denial of a motion for new trial, and the claim regarding the motion to quash.[34] However, the Magistrate Judge found that Petitioner had not exhausted state court remedies with respect to the remaining claims because the state trial court has not ruled on Petitioner's application for post-conviction relief.[35]

Because Petitioner's federal application contains both exhausted and unexhausted claims, the Magistrate Judge recommended that the petition be dismissed without prejudice for failure to

---

[31] Rec. Doc. 1.

[32] Rec. Doc. 8.

[33] Rec. Doc. 10.

[34] *Id.* at 6.

[35] *Id.* at 6–7.

exhaust state court remedies.[36] Alternatively, the Magistrate Judge recommended that Petitioner be allowed to amend the petition to pursue only the exhausted claims.[37]

## II. Objections

### A. *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[38] Petitioner does not dispute that he has not exhausted state court remedies with respect to some of the claims.[39] However, Petitioner argues that his failure to exhaust is justified because the state trial court has not ruled on the post-conviction application.[40]

Petitioner notes that the post-conviction application form did not state that a petitioner must attach an order to an application.[41] Petitioner claims that the letter he received from the Tangipahoa Parish Clerk of Court also did not advise him that he must send an order to the trial court for it to render a decision.[42] Petitioner also claims that he did not receive documentation updating him as to the status of his writ of mandamus.[43] For these reasons, Petitioner expresses concern that the state trial court will not rule on the post-conviction relief application.[44]

---

[36] *Id.* at 7.

[37] *Id.*

[38] Rec. Doc. 11.

[39] *Id.*

[40] *Id.* at 1–2.

[41] *Id.* at 2.

[42] *Id.*

[43] *Id.* at 3.

[44] *Id.*

### B. *State's Opposition*

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

## III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to a magistrate judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[45] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[46] A district court's review is limited to plain error for parts of the report which are not properly objected to.[47]

## IV. Law and Analysis

In the instant case, Petitioner did not dispute that he did not fully exhaust all of the claims listed in the petition.[48] Instead, Petitioner appears to argue that he presented all of his claims to the state trial court, but could not advance the unexhausted claims through the state court system because the state trial court will not rule on the application for post-conviction relief.[49]

"A fundamental prerequisite for federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."[50] The Fifth Circuit has recognized that "habeas corpus jurisprudence consistently underscores the central importance of comity, of

---

[45] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[46] Fed. R. Civ. P. 72(b)(3).

[47] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[48] Rec. Doc. 11.

[49] *Id.* at 4.

[50] *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)).

8

cooperation and of rapport between the parallel systems of state and federal courts."[51] "These concerns animate [the court's] strict adherence to the doctrine of exhaustion—*i.e.*, the notion that federal courts will not consider a claim on habeas review if it has not been considered and finally rejected by the state courts."[52] "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies [] thereby giving the State the opportunity to pass upon any correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court. . . ."[53]

A federal habeas corpus petition should typically be dismissed without prejudice if the petitioner has failed to exhaust all available state remedies.[54] However, dismissal without prejudice of a "mixed petition," which raises both exhausted and unexhausted claims, may result in a subsequent petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).[55] Because of this dilemma, federal courts are authorized to stay a habeas petition and hold it in abeyance while a petitioner exhausts claims in state court.[56] The United States Supreme Court has noted that a "stay and abeyance should be available only in limited circumstances."[57] A district court should stay federal habeas proceedings to allow a petitioner to exhaust state remedies only when the district court finds: "(1) the petitioner has good cause for failure to exhaust his claim, (2) the claim is not plainly meritless, and (3) the petitioner has not engaged in intentional

---

[51] *Gomez v. Dretke*, 422 F.3d 264, 266 (5th Cir. 2005) (internal citations and quotation marks omitted).

[52] *Id.*

[53] *Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (internal citations and quotation marks omitted).

[54] *Pliler v. Ford*, 542 U.S. 225, 230 (2004).

[55] *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (holding that 28 U.S.C. § 2244(d)'s one-year limitation period is not tolled during the pendency of federal habeas proceedings).

[56] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[57] *Id.*

delay."[58] When a district court finds that a stay is not warranted, the United States Supreme Court has suggested the district court "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain habeas relief."[59]

This petition is a mixed petition raising both exhausted and unexhausted claims. Accordingly, the Court must either: (1) stay the case to allow Petitioner to return to the state courts to fully exhaust his claims;[60] (2) allow Petitioner "to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain habeas relief;"[61] or (3) dismiss the entire petition without prejudice for failure to exhaust.[62]

In the objections to the Report and Recommendation, Petitioner argues that his failure to exhaust should be excused because the state trial court will not rule on the post-conviction application.[63] Because Petitioner's post-conviction application remains pending before the state trial court, the statute of limitations for filing a federal habeas petition is tolled,[64] and Petitioner may refile a federal habeas petition after exhausting his state court remedies. Therefore, any delay by the state trial court in ruling on the post-conviction relief application has not prejudiced

---

[58] *Shillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008) (citing *Rhines*, 544 U.S. at 277–78).

[59] *Rhines*, 544 U.S. at 278.

[60] *Id.*

[61] *Id.*

[62] *Pliler*, 542 U.S. at 230.

[63] Rec. Doc. 11 at 1–2.

[64] *See* 28 U.S.C. § 2255(d)(2) (providing for statutory tolling during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").

Petitioner's ability to seek federal habeas relief. Accordingly, the Court finds that a stay is not warranted because Petitioner has failed to demonstrate good cause to excuse his failure to exhaust.[65]

The Report and Recommendation notified Petitioner that he could dismiss the unexhausted claims and proceed only on the exhausted claims. However, Petitioner has declined to exercise this option. Accordingly, the Court finds that the entire mixed petition must be dismissed without prejudice for Petitioner's failure to exhaust his remedies in the state courts.

## V. Conclusion

For the reasons stated above, the Court concludes that the petition must be dismissed without prejudice for Petitioner's failure to exhaust state court remedies. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED;**

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Gary Shurley's petition for issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**NEW ORLEANS, LOUISIANA,** this  24th  day of October, 2019.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[65] *See Shillereff*, 304 F. App'x at 314.